WO                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gerald Vaughn Gwen, | No.  CV 20-08327-PCT-JAT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Sheriff Scott Mascher, et al., | |
| Respondents. | |

On December 7, 2020, Petitioner Gerald Vaughn Gwen, who is confined in the Yavapai County Detention Center, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  In a December 10, 2020 Order, the Court gave Petitioner thirty days to either pay the filing fee or file an Application to Proceed In Forma Pauperis.  On January 4, 2021, Petitioner paid the filing fee.  The Court will require an answer to the Petition.

**I.      Petition**

Petitioner was convicted in Yavapai County Superior Court, case #CR201580451, of taking the identify of another, credit card theft, fraudulent schemes and artifices, theft of property, and forgery.  He was sentenced to concurrent terms of imprisonment, the longest of which is five years.  In his Petition, Petitioner names Sheriff Scott Mascher as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises nine grounds for relief.

. . . .

TERMPSREF

In **Ground One**, Petitioner contends his Fifth and Fourteenth Amendment rights were violated because of "malicious prosecution" and a "defective indictment." He claims the prosecutor brought a "fraudulent case before the grand jury," "prematur[e]ly presented a[n] information to a grand jury before he determined probable cause," "suborned testimony" when presenting the case to the grand jury, and "inserted false facts to unfairly influence the deliberation to indict." Petitioner also alleges that the grand jury proceeding was "plagued with large assignments of perjury" and that the indictment lacked probable cause, was "unconstitutional in violation of [Petitioner's] grand jury guarantee," and was "insufficient for the grand jury to return an indictment" because "there was no evidence in support of the allegations."

In **Ground Two**, Petitioner alleges his Fifth, Sixth, and Fourteenth Amendment rights to due process and counsel were violated due to a "deprivation of preliminary hearing, improperly vacated by a form not authorized by law, and the court and State[']s misuse of a grand jury indictment to deny a privilege when the[y] failed to provide sufficient notice of grand jury proceeding." He contends this prevented him from requesting representation before the grand jury.

In **Ground Three**, Petitioner claims he was denied his Fourth and Fourteenth Amendment rights because he was arrested without a warrant or probable cause and "without [the police officer] stating the grounds for effectuating an arrest."

In **Ground Four**, Petitioner asserts his Fourth Amendment and due process rights were violated because his property and papers were "illegally search[ed] and seized prior to law enforcement obtaining a valid search warrant." He also contends the police, aided by the prosecutor "unlawfully participated in a coverup of the illegal searches."

In **Ground Five**,[1] Petitioner contends his due process rights were violated and his conviction was unconstitutional because there was insufficient evidence of guilt adduced

---

[1] One section of the Petition is labeled as "Count Five" and another section is labeled as "V." For purposes of this Order, the Court has consolidated these two sections as "Ground Five."

at trial.  He claims that the "indictment was insufficient as a matter of law and lacked probable cause" and that the trial court allowed the prosecutor's "ambiguous remarks" made during opening and closing arguments to "proceed unchallenged" and without "correcting or disapproving instructions."  Petitioner also claims the State "failed to prove a single element," "the trial proof does not correspond to the alleged conduct of the indictment," and the evidence was insufficient to establish guilt beyond a reasonable doubt.

Petitioner asserts that the offenses of fraudulent schemes and artifices, credit card theft, and forgery were "never tried at trial" and that the prosecutor, during closing arguments, "abrogate[d] the charge of 'theft.'"  Petitioner claims that "the ad[]mission of not being able to prove the most important element of the entire indictment cast[s] reasonable doubt as to the conduct alleged in all other counts" because "[w]ithout this central offense or element proven, there are no other rational bas[e]s for support of the other offenses."

Petitioner also contends the "jury verdict was not unanimous as a fact of law" and the trial court did not "admonish or issue a disapproving instruction that would have diminished the risk of a non-unanimous jury verdict" after the prosecutor's "admission." In addition, Petitioner claims the trial court "impeded, hindered, obstructed, and defeated the Petitioner[']s access to exculpatory evidence" and the trial court failed to "exercise its judic[i]al authority to require the State to produce l[e]g[i]timate proof of loss."  He contends that the lack of "l[e]g[i]timate certified records showing that a crime had been committed leaves the record void of evidence necessary to sustain a conviction" and that his conviction "was the result of deception of court and jury, p[re]sumption and unreasonable inference from facts not in evidence."

In **Ground Six**, Petitioner claims his Fourteenth Amendment due process rights were violated because the trial court admitted "forged or fabricated evidence," made "incorrect legal conclusions," and "deprived Petitioner of his right to hold an evidentiary hearing pursuant to ARS 13-4238."

. . . .

In **Ground Seven**, Petitioner alleges his Fourteenth Amendment rights were violated due to "tampering, concealment, [and] suppression of evidence."  He claims the trial was unfair because the trial court "allowed allegations of misconduct and tampering to proceed excused, challenged, and without an investigation."

In **Ground Eight**, Petitioner contends he was denied his right to counsel when the "trial court failed to hold a hearing on two separate incidents when [Petitioner] requested substitute counsel."

In **Ground Nine**, Petitioner claims there were "judicial improprieties" that violated his Fourteenth Amendment rights and prevented him from receiving a fair trial.

Petitioner contends he presented the issues raised in Grounds One through Four to the Arizona Court of Appeals and Arizona Supreme Court, but does not indicate whether he presented the issues raised in Grounds Five through Nine to any Arizona appellate court. However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate.  *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred).  Thus, the Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

## II.    Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner

must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.    Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.   Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2)    Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular

TERMPSREF

- 5 -

claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(4)     Petitioner may file a reply within 30 days from the date of service of the answer.

(5)     This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 21st day of January, 2021.

James A. Teilborg
Senior United States District Judge

TERMPSREF

- 6 -