**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-20-08327-PCT-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). The Magistrate Judge to whom this case was assigned issue a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 56). Petitioner filed objections to the R&R. (Doc. 57). Respondent replied to the objections. (Doc. 58).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

Accordingly, the Court will review the portions of the R&R to which there is a specific objection de novo. The Court notes that at page 2 of his objections Petitioner states that he objects to the entirety of the R&R. The Court is not obligated to review every word of the 53-page R&R de novo based on this global objection. *Accord Martin v. Ryan*, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases); *Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. September 19, 2013) ("A general objection has the same effect as would a failure to object") (internal quotations and citation omitted). Thus, Petitioner's general objection cannot overcome this Circuit's *en banc* case law that this Court need only review de novo factual and legal issues to which there is a specific objection. *See Reyna-Tapia*, 328 F.3d at 1121. As a result, this general objection is overruled and the Court will turn to Petitioner's specific objections where the Court can discern them.

**II.  Default**

The R&R concludes that Respondents have not failed to defend this action; therefore, Petitioner is not entitled to default or default judgment. (Doc. 56 at 9-10).

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review for an R&R.

Petitioner objects to this recommendation. (Doc. 57 at 9). The Court has reviewed the relevant filings in this case and agrees with the R&R that Petitioner is not entitled to default. This objection is overruled.

### III.   Factual Background

The R&R summarized the history of this case in state court. (Doc. 56 at 1-5). While Petitioner objects to the accuracy of the state court's recounting of its own proceedings and findings, Petitioner does not specifically object to the R&R's summary of what transpired in state court. (*See* Doc. 57). This Court accepts and adopts the R&R's recounting of the state court proceedings.

In short summary, Petitioner proceeded to a jury trial, pro se with advisory counsel, and was convicted of identity theft, credit card theft, theft, fraud and forgery. (Doc. 56 at 2-3). Petitioner was sentenced to 5 years incarceration. (*Id.*). It appears Petitioner has completed his sentence, but no one argues the Petition is moot.

### IV.   Habeas Petition

The R&R quoted the claims raised in the habeas petition. (Doc. 56 at 5-7). The R&R then endeavored to summarize that narrative into grounds for relief. (Doc. 56 at 7-8). The R&R summarized Petitioner's claims/ground as follows:

- Ground 1A – use of perjured testimony at grand jury
- Ground 1B – insufficient evidence at grand jury2
- Ground 2A – improper vacating of preliminary hearing
- Ground 2B – inadequate notice and right to counsel at grand jury
- Ground 3 – search and seizure upon arrest
- Ground 4 – search and seizure of car, residence and truck
- Ground 5A – procedural defects of (1) insufficient indictment, (2) prosecutorial misconduct in arguments, (3) variance from the indictment, (4) verdict not unanimous, and (5) denial of access to exculpatory evidence
- Ground 5B – insufficient evidence of (1) theft and negotiation of checks, and (2) certified proof of loss from credit card
- Ground 6A – admission of false evidence, unauthenticated records, incorrect legal decisions and denial of evidentiary hearing
- Ground 7A – evidence tampering
- Ground 7B – *Brady* violations
- Ground 8 – denial of substitute counsel
- Ground 9A – judicial bias on relationship
- Ground 9B – judicial bias based on rulings on: (1) March 19, 2018 order on motion to dismiss/suppress; (2) unauthenticated computer records; (3) filing of motions for a change of judge; (4) failure to disclose; (5) check records; (6) prosecution's improper arguments; and (7) Petitioner's motion for acquittal.

(*Id.*).

Petitioner objected to some of this summary, which will be discussed more fully below. Otherwise, the Court accepts the R&R's characterization of the claims in this case.

**V.     Unexhausted and Procedurally Defaulted Claims**

The R&R concludes that Grounds 1B, 5A(4), and 9 are unexhausted and defaulted, without excuse, and must be dismissed with prejudice. (Doc. 56 at 16, 19, 21-22, 24). Petitioner generally objects and states that he exhausted all his claims. (Doc. 57 at 9). However, Petitioner does not offer any specifics as to when in state court he presented these claims in a procedurally correct manner. (Doc. 57 at 9-11). The Court agrees with the R&R that these claims are unexhausted and this Court cannot consider their merits unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice/actual innocence to overcome his failure to exhaust. The Court finds the R&R correctly stated the law governing these exceptions to the exhaustion requirement (Doc. 56 at 22-24) and Petitioner's objection (Doc. 57 at 14) that the R&R incorrectly stated the governing law is overruled.

The R&R concludes that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. (Doc. 56 at 24). Petitioner objects to the R&R's reliance on the state court record/decisions. (Doc. 57 at 9). Petitioner argues that the state court's decisions do not reflect what actually transpired in state court. (*Id.*). Under 28 U.S.C. § 2254, this Court cannot review the state court's record or decisions de novo, nor could the Magistrate Judge in preparing the R&R. Thus, the R&R's reliance on and citation to the state court's decisions was appropriate and this objection is overruled.

The Court accepts the R&R's determination that Grounds 1B, 5A(4), and 9 are unexhausted and defaulted, without excuse, and must be dismissed with prejudice.[2]

---

[2] Petitioner objects to the R&R's characterization of Ground 9 as judicial bias; Petitioner indicates he intended to argue an inappropriate exercise of judicial power. (Doc. 57 at 13-14). First, the Court agrees with the R&R that the closest legal theory to the words Petitioner is using (notably Petitioner offers no citation to any law discussing judicial use of power as a cognizable theory) is judicial bias. But regardless of how Petitioner intended to cast this claim, this Court's conclusion that the claim is unexhausted without excuse is unchanged. Thus, this objection is overruled as irrelevant to the decision.

## VI. Remaining Claims

With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[3] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

At this point, Petitioner makes two additional global objections. (Doc. 57 at 13). First, Petitioner argues that the R&R subcategorizing his claims violates his due process rights. (*Id.*). As discussed in footnote 2, the Magistrate Judge in preparing the R&R attempted to analyze Petitioner's words as legal claims. The claims in Petitioner's Petition span 10 pages, but only ground six contains a legal citation, and it is to a state case not a federal one. (Doc. 1 at 6-15). By Petitioner failing to offer any legal support for his arguments, the Court must either deny relief with no analysis, or determine whether there is any legal support for the factual theories presented. There is no due process violation in the Court researching the claims to the best of its ability. Moreover, in his objections, Petitioner offers no alternative legal theory to support his factual allegations. For all of these reasons, this objection is overruled.

Next, Petitioner argues that it is inconsistent for the R&R to determine that some claims were exhausted and some claims remain unexhausted, but procedurally defaulted, in state court. (Doc. 57 at 15-16). The R&R is legally correct that some claims may have been exhausted in state court while other claims have not been exhausted in state court. *See, e.g., Bradford v. Davis*, 923 F.3d 599 (9th Cir. 2019) (finding some claims exhausted and some claims unexhausted). Accordingly, this objection is overruled.

At pages 24–51, the R&R discusses the merits of the remaining grounds in the

---

[3] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

Petition. (Doc. 56 at 24–51). The R&R reviews certain grounds de novo. (*See e.g.*, Doc. 56 at 27). Ultimately as to all remaining grounds, the R&R determines that they are either without merit or that the state court decision was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Petitioner makes no specific objections to this portion of the R&R and the Court accepts pages 24–51 and the conclusions therein.

### VII.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 56) is accepted and adopted. The objections (Doc. 57) are overruled. Grounds 1B, 5A(4) and 9 of the Petition are dismissed with prejudice; the remaining Grounds of the Petition are denied with prejudice; the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 15th day of June, 2022.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge